Civil action to recover damages for breach of a rental contract.
Plaintiff's building, located on Spruce Street in the city of Asheville, was leased to Whitman-Douglas Company for $150 per month, which lease expired 31 October, 1927. On 12 February, 1927, the defendant took from Whitman-Douglas Company an assignment of the unexpired term of the lease, and procured the following consent and agreement from the plaintiff: *Page 113 
"I hereby consent to the aforegoing assignment of lease and hereby release the said Whitman-Douglas Company from any obligation arising out of said lease between the dates of 1 March, 1927, and the termination of the said lease, and hereby agree to execute a lease to the Atlas Supply Company running from the termination of the Whitman-Douglas lease to 1 January, 1929, the terms of the said lease to be three hundred dollars per month payable in the same manner as prescribed in the Whitman-Douglas lease herein mentioned.
W. H. WESTALL.
Accepted by: Atlas Supply Company, Inc., E. T. NANCE."
The defendant thereupon went into possession of the premises, and paid to the plaintiff the stipulated rent of $150 per month accruing under the Whitman-Douglas lease up to the date of its expiration.
Without further negotiations between the parties, the defendant remained in possession and paid to the plaintiff for the months of November, December, 1927, and January, 1928, the increased rental of $300 per month.
On 1 February, 1928, the defendant vacated the premises, and through its agent offered the keys to the plaintiff, which he refused to accept. Later, on 9 February, 1928, the defendant mailed to plaintiff the keys to said building, accompanied by the following letter:
"We are enclosing herewith the keys to the building which we formerly had rented from you in Asheville. As we wrote you a week or so ago, we have given up this building and are therefore discontinuing the rent.
"Our Mr. Northup advises that he offered you these keys, and you would not accept them, and we trust that they will be accepted at this time."
On 30 March, 1929, plaintiff instituted this action to recover for eleven months rent at $300 per month from 1 February, 1928, to 1 January, 1929.
From a verdict and judgment in favor of plaintiff for the full amount demanded, the defendant appeals, assigning errors.
after stating the case: The trial court held, as a matter of law, that the plaintiff was entitled to recover the balance due under the contract, i.e., $300 per month for eleven months, "less any sum that the plaintiff might have realized by the exercise of ordinary diligence in *Page 114 
renting or leasing the property to some one else." Monger v. Lutterloh,195 N.C. 274, 142 S.E. 12. In this, we think there was error.
As to whether there was a surrender and acceptance of the tenement when the plaintiff received the keys through the mails, accompanied by defendant's letter of 9 February, 1928, and kept them without further comment, is a question presented by the evidence, determinable alone by the jury. 16 R. C. L., 1154; Note, 18 A.L.R., 957.
New trial.